# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROGER LAWRENCE, )
)
             Petitioner, )
)
vs. )        **Case No. 07-CV-698-TCK-FHM**
)
JUSTIN JONES, Director, ODOC, )
)
             Respondent. )

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Roger Lawrence, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 13), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 13, 14, 15). Petitioner filed a reply (Dkt. # 18). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

During the weeks preceding April 11, 2004, Petitioner Richard Lawrence and his wife of 46 years, Patsy Lawrence ("Patsy"), had been having marital problems. On the afternoon of April 11, 2004, Patsy drove to Bernice Park where her daughter and son-in-law, Kayla and Scott Borton, had been camping, and asked them to come to her home where she lived with Petitioner to help her pack her things in order to leave Petitioner. Kayla and Scott agreed to help Patsy. Kayla drove Patsy in Patsy's car to the Lawrences' home, located in Bernice, Oklahoma. Scott followed in a different vehicle. Kayla and Patsy arrived first. Patsy headed straight to the bedroom and began packing a suitcase. Scott arrived a few minutes later. When Petitioner realized that Patsy was leaving him, he became upset and repeatedly told Kayla and Scott to leave the house. Petitioner first threatened Scott with a pellet gun. Petitioner told Scott he would kill him if he did not get out of Petitioner's

house. When Scott refused to leave, Petitioner retrieved a .38 caliber revolver from one of the bedrooms, pressed it to Scott's head just above his left eye and pulled the trigger. Petitioner continued shooting the revolver in Kayla's general direction, pointing it out the door leading outside. He stopped firing when all six of the bullets had been discharged. Patsy then ran from the house, using her packed suitcase as a shield. Kayla remained at the scene to call 911 and to attempt to resuscitate Scott. However, he died at the scene.

As a result of those events, Petitioner was arrested and charged with First Degree Murder (Count I) and Discharging a Firearm With Intent to Kill (Count II) in Delaware County District Court, Case No. CF-2004-113. On February 7, 8, and 9, 2005, Petitioner was tried by a jury. At the conclusion of trial, the jury found Petitioner guilty of Count I, but not guilty of Count II, and recommended a sentence of life imprisonment on the murder conviction. On April 6, 2005, the trial judge sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented during trial by attorney James D. Harvey, Jr.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Continuing to be represented by attorney James D. Harvey, Jr., Petitioner raised the following propositions of error:

> Proposition 1: The Court erred by not granting Defendant/Appellant's motion for directed verdict based upon Oklahoma's "Make My Day Law."

> Proposition 2: The Court erred by refusing to instruct the jury on Oklahoma's "Make My Day Law."

See Dkt. # 13, Ex. 1. In an unpublished summary opinion filed June 23, 2006, in Case No. F-2005-400 (Dkt. # 13, Ex. 3), the OCCA affirmed the Judgment and Sentence of the trial court.

On September 4, 2007, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court raising four (4) claims as follows:

1. Petitioner was denied the [effective] assistance of [trial] counsel, in violation of Okla. Const. Art. 2, § 20, and U.S. Const. 6th.

2. Trial court abused its discretion by admitting extrinsic evidence in rebuttal of character evidence elicited on cross-examination of prosecution witnesses, in violation of 12 O.S. §§ 2404(B) & 2405(A), violating right to due process and fair trial in OK and US Const.

3. Petitioner was denied the [effective] assistance of [appellate] counsel, in violation of Okla. Const. Art. 2, § 20, and U.S. Const. 6th.

4. Trial court abused its discretion when it overruled defense demurrer to evidence at close of state's case, in violation of rights to due process of law and fair trial, under Okla. Const. Art. 2, §§ 7 & 20, U.S. Const. 5th, 6th, and 14th Amendments.

(Dkt. # 13, Ex. 4). By order filed October 11, 2007, the state district court denied post-conviction relief. <u>See</u> Dkt. # 13, Ex. 6. Petitioner appealed. (Dkt. # 13, Ex. 7). By order filed February 7, 2008, in Case No. PC-2007-1117, <u>see</u> Dkt. # 13, Ex. 8, the OCCA affirmed the denial of post-conviction relief.

On December 10, 2007, during the pendency of his post-conviction appeal, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies six (6) grounds for relief, as follows:

Ground 1: Trial court abused its discretion when it overruled defense motion for directed verdict at close of state's case, in violation of rights to due process of law & fair trial, under OK. Const. Art. 2, §§ 7 & 20; U.S. Const. 5th, 6th, & 14th Amends.

Ground 2: Trial court erred by refusing to instruct jury on Ok's "Make My Day" law, in violation of rights to due process of law and fair trial, under Ok. Const. Art. 2, §§ 7 & 20; U.S. Const. 5th, 6th, & 14th Amends.

Ground 3: Ineffective assistance of trial counsel in failing to investigate and present evidence of the administration of the drug Haldol, resulting [in] Petitioner

losing the benefit of a plea offer for a reduced charge and sentence, in violation of the U.S. Const. 6th Amend.

Ground 4: Trial counsel [sic] abused its discretion by admitting extrinsic evidence in rebuttal of character evidence elicited on cross-examination of prosecution witnesses, in violation of state evidence code, and due process/fair trial protections of the U.S. Const. 5th, 6th, & 14th Amends.

Ground 5: Ineffective assistance of appellate counsel for failure to raise meritorious issues presented in post-conviction relief application, in violation of U.S. Const. 6th Amend.

Ground 6: Trial court abused its discretion when it overruled defense demurrer at close of state's case, in violation of rights to due process of law & fair trial, under OK. Const. Art. 2, §§ 9 & 20; U.S. Const. 5th, 6th, and 14th Amends.

See Dkt. # 1. In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies based on the pendency of Petitioner's post-conviction appeal. See Dkt. # 7. By Order filed August 20, 2008 (Dkt. # 10), the Court agreed with Respondent that at the time Petitioner filed his petition, grounds three through six of the petition were unexhausted. However, because the OCCA had since ruled on the post-conviction appeal, the Court denied the motion to dismiss, finding that exhaustion requirement was satisfied. See Dkt. # 10. Thereafter, Respondent filed a response to the petition and asserts that Petitioner is not entitled to habeas corpus relief. See Dkt. # 13.

## ANALYSIS

### A.     Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds Petitioner has exhausted the claims raised in the petition by presenting the claims to the OCCA on either direct or post-conviction appeal.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

This Court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Snow v. Sirmons, 474 F.3d 693, 696 (10th Cir. 2007). Under AEDPA, the standard of review applicable to each claim depends upon how that claim was resolved by the state courts. Alverson v. Workman, 595 F.3d 1142, 1146 (10th Cir. 2010) (citing Snow, 474 F.3d at 696). When a state court has adjudicated the merits of a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established[1] Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1)(2); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

**1. Trial court's denial of directed verdict (ground one)**

As his first ground of error, Petitioner claims that the trial court erred by denying his motion for a directed verdict based on Oklahoma's "Make My Day Law." Petitioner raised this claim on direct appeal, where it was rejected by the OCCA as follows:

---

[1]      A legal principle is "clearly established" within the meaning of this provision only when it is embodied in a holding of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006).

The directed verdict procedure, found at 22 O.S. 2001 § 859, exists to allow the defendant to challenge the sufficiency of the State's case at trial. *Omalza v. State*, 1995 OK CR 80, ¶ 95, 911 P.2d 286, 309. If the evidence is insufficient, the trial court may advise the jury to acquit, but the instruction is not binding. Reviewing the trial court's denial of a directed verdict, this Court examines the evidence in the light most favorable to the State to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Gilbert v. State*, 1988 OK CR 289, ¶ 3, 765 P.2d 361, 362-363; *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-204. Applying this standard, the evidence presented at trial is sufficient.

(Dkt. # 13, Ex. 3).

Petitioner argues that upon application of the "Make My Day Law," the state presented insufficient evidence and the trial court erred in denying his motion for a directed verdict. To the extent Petitioner alleges the state courts erroneously applied state law, the Court finds he is not entitled to habeas corpus relief. "A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law." Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (citation omitted). This Court will not second guess the OCCA's application of state law but will review only to determine whether the OCCA's application of state law violates federal law. See Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir. 1994) ("We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law."); Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000).

When a habeas petitioner alleges that the trial court improperly denied a motion for directed verdict, the claim is comparable to a challenge to the sufficiency of the evidence. See Wright v. Hines, 42 Fed. Appx. 375, *1 (10th Cir. July 12, 2002) (unpublished)[2] (applying sufficiency of the evidence analysis to allegation that denial of motion for directed verdict was reversible error). In

---

[2]        Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

evaluating the sufficiency of the evidence supporting a criminal conviction, the Supreme Court holds that it is not for the court to inquire whether it believes the evidence established guilt beyond a reasonable doubt, but whether, after considering the evidence in the light most favorable to the prosecution, a rational jury could conclude that each element of the charged crime was proven beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979). The Tenth Circuit Court of Appeals has not yet determined whether, under the AEDPA, it reviews the state court's sufficiency-of-the-evidence determination as a legal issue under 28 U.S.C. § 2254(d)(1), or a factual finding under § 2254(d)(2) and (e)(1). In this case, however, the Court would reach the same result under either standard. <u>See</u> <u>Romano v. Gibson</u>, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001).

After considering the evidence in the light most favorable to the prosecution, a rational jury could conclude that each element of First Degree Murder was proven beyond a reasonable doubt. Oklahoma law defines first degree malice aforethought murder as follows:

> A person commits murder in the first degree when that person unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof.

Okla. Stat. tit. 21, § 701.7(A). The Tenth Circuit Court of Appeals has outlined Oklahoma law on the issue of intent as follows:

> First, a jury is permitted to draw inferences of subjective intent from a defendant's objective acts. Thus, even when a defendant . . . denies having the requisite intent, a jury may disbelieve the defendant if [the defendant's] words and acts in the light of all the circumstances make [the defendant's] explanation seem improbable. Second, a jury is permitted to find that a defendant intends those consequences which he announces a desire to accomplish.

<u>Wingfield v. Massie</u>, 122 F.3d 1329, 1333 (10th Cir. 1997) (quotation and citations omitted); <u>see also</u> <u>Torres v. Mullin</u>, 317 F.3d 1145, 1153 (10th Cir. 2003).

Petitioner's jury heard Patsy Lawrence testify that she was residing at the marital home on April 11, 2004, see Dkt. # 15, Tr. Trans. Vol. II at 185-86; that on that day, she asked Kayla and Scott to come to the home to help her leave her husband, id. at 188; that she invited Scott to come to the house fully intending for him to come into the house, id. at 230. Kayla Borton testified that her mother asked her and her husband, Scott, to help her get her things out of the house because she wanted to leave her dad, see id. at 151; that her dad got really upset when he learned that Patsy intended to leave him, id. at 152; that her father told them to "get out" and that Scott tried to calm him down, id. at 154; that her father first used a pellet gun to threaten Scott and told him "If you don't get out of my house I'm going to kill you," id. at 157; when Scott again refused to leave, her father retrieved a .38 caliber revolver from the bedroom, put the gun in Scott's face and shot him, id.; that she never saw Scott threaten or provoke her father in any way, id. at 159. Viewing that evidence in the light most favorable to the State, a rational trier of fact weighing the credibility of witnesses could have found the essential elements of First Degree Murder proven beyond a reasonable doubt. Petitioner has failed to establish entitlement to habeas corpus relief under 28 U.S.C. § 2254(d).

**2. Trial court's refusal to instruct on Oklahoma's "Make My Day" law (ground two)**

As his second ground of error, Petitioner claims that the trial court abused its discretion in refusing to instruct the jury on Oklahoma's "Make My Day Law," Okla. Stat. 21, § 1289.25. Petitioner raised this claim on direct appeal. The OCCA rejected the claim, ruling as follows:

> The "Make My Day Law" authorizes the use of deadly force by the occupant of a dwelling against one "who has made an unlawful entry into that dwelling," when the occupant has a "reasonable belief" that the intruder might use force against anyone lawfully present within that dwelling. *State v. Anderson*, 1998 OK CR 67, ¶ 10, 972 P.2d 32, 36.

The trial court did not abuse its discretion in refusing this instruction. Appellant's daughter and son-in-law were present inside the front door of the home at the request of Appellant's estranged wife, who was moving out of the residence at the time. Although their presence was violently opposed by the Appellant, it was not an "unlawful entry," and never gave rise to the legal justification for deadly force authorized by § 1289.25. After repeatedly threatening his son-in-law and ordering them both to leave the house, Appellant retrieved his pistol from a bedroom, rapidly approached his son-in-law at the door, and killed him with a single gunshot to the head.

Because Appellant's rage and sorrow about the collapse of his marriage played a role in this tragedy, the trial court's instructions properly included an option to convict Appellant of the lesser-included offense of manslaughter in the first degree by heat of passion. 21 O.S. 2001 § 711(2). There was evidence of Appellant's passion, and no evidence of adequate provocation by the deceased, which explains the jury's verdict. See 21 O.S. 2001, § 704 (state of anger alone is no defense to murder); *Washington v. State*, 1999 OK CR 22, ¶ 13, 989 P.2d 960 (adequate provocation requires wrongful conduct by the person killed). The instructions as a whole adequately advised the jury of the applicable law. *Ashinsky v. State*, 1989 OK CR 59, 780 P.2d 201 (Okl.Cr. 1989). There is no error.

(Dkt. # 13, Ex. 3).

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). As discussed by the OCCA, Oklahoma's "Make My Day Law" authorizes the use of deadly force by the occupant of a dwelling against one "who has made an unlawful entry into that dwelling," when the occupant has a "reasonable belief" that the intruder might use force against anyone lawfully present within that dwelling. Okla. Stat. tit. 21, § 1289.25. The trial court repeatedly rejected Petitioner's argument that he was entitled to the defense because his son-in-law had made an unlawful entry into Petitioner's home and the Petitioner reasonably believed that his son-in-law might use force against him. The State's evidence cited in Part B(1) above supports the trial court's ruling that Petitioner was not entitled to the instruction. Under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief on his second ground of error.

### 3. Ineffective assistance of appellate counsel (ground five)

As his fifth ground of error, Petitioner asserts that appellate counsel provided ineffective assistance in failing to raise his post-conviction claims on direct appeal. In its summary opinion affirming the trial court's denial of Petitioner's application for post-conviction relief, the OCCA cited with approval the trial court's application of Strickland v. Washington, 466 U.S. 668 (1984), and found that the "record does not support this claim [of ineffective assistance of appellate counsel]." (Dkt. # 13, Ex. 8 at 3).

To be entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel, Petitioner must demonstrate that the OCCA unreasonably applied Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the

10

deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Thus, because this case arises on collateral review and the OCCA ruled on the merits of the claim, a federal court may intercede to afford Petitioner relief only if he can overcome that "doubly deferential" hurdle. Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d).

### a. Ineffective assistance of trial counsel

Petitioner argues that appellate counsel provided ineffective assistance in failing to argue on direct appeal that trial counsel provided ineffective assistance with respect to a plea agreement offered by the prosecution. First, the same attorney represented Petitioner at trial and on appeal. In

addition, Petitioner's claim of ineffective assistance of trial counsel is reviewed *de novo* and denied on the merits in Part D, below. Because the underlying claim of ineffective assistance of trial counsel lacks merit, this claim of ineffective assistance of appellate counsel fails under <u>Strickland</u>.

**b. Trial court's abuse of discretion in admission of evidence**

Petitioner also claims that appellate counsel provided ineffective assistance in failing to argue on direct appeal that the trial court abused its discretion by admitting evidence that approximately two weeks before the murder, he discharged a sawed-off shotgun at the residence when only he was present at the residence. The record reflects that prior to allowing testimony concerning the firing of the shotgun, the trial court heard argument in chambers concerning admissibility of the evidence. <u>See</u> Dkt. # 15, Tr. Trans. at 309-314. The State argued the evidence was admissible to show motive or opportunity, identity and absence of mistake, and because defense counsel's cross-examination of Mrs. Lawrence and Kayla Borton had opened the door for the introduction of evidence of Petitioner's prior temperament. <u>Id.</u> at 310-11. At the conclusion of the in-chambers conference, the trial court ruled that the evidence of the prior incident would be allowed, provided the testimony reflect that Petitioner was alone when he fired the shotgun. <u>Id.</u> at 314.

Petitioner has failed to demonstrate that appellate counsel performed deficiently in failing to challenge the trial court's ruling. The evidence demonstrating that Petitioner discharged a sawed-off shotgun at his home only a few weeks before the murder was relevant and admissible under Okla. Stat. tit. 12, § 2404(B) to show motive or opportunity. In addition, under Oklahoma law, "[s]pecific instances of conduct to prove a person's character or a trait of character are admissible when the character is part of a claim or defense." <u>Andrew v. State</u>, 164 P.3d 176, 191 (Okla. Crim.

App. 2007) (citing Okla. Stat. tit. 12, § 2405). Defense counsel had asked both Kayla Borton, Petitioner's daughter, and Patsy Lawrence, Petitioner's wife, whether Petitioner's demeanor on the day of the murder was out of character for him. <u>See</u> Dkt. # 15, Tr. Trans. at 175, 204-07. That line of questioning by defense counsel raised the issue of Petitioner's propensity for emotional outbursts. Thus, the decision by the trial court to admit evidence demonstrating that Petitioner had threatened to kill himself and had fired a shotgun in his living room only two weeks prior to the murder was relevant and admissible under Okla. Stat. tit. 12, § 2404(A)(1), to rebut testimony elicited by defense counsel that Petitioner's emotional outburst on the day of the murder was out of character. Upon review of the trial transcript, the Court finds the state appellate court would have found no merit to the claim had it been raised by appellate counsel. Thus, Petitioner has not demonstrated that the result of his direct appeal would have been different had appellate counsel raised this claim. Because he cannot satisfy the prejudice prong of the <u>Strickland</u> standard, he has failed to demonstrate entitlement to habeas corpus relief under 28 U.S.C. § 2254(d).

### c. Trial court's abuse of discretion in overruling demurrer to evidence

Lastly, Petitioner claims that appellate counsel provided ineffective assistance in failing to allege that the trial court abused its discretion in overruling defense counsel's demurrer to the evidence at the conclusion of the State's case. It is well-established that a defendant waives "his right to appeal the ruling on demurrer when he presented evidence after the State rested its case." <u>Young v. State</u>, 12 P.3d 20, 35 (Okla. Crim. App. 2000); <u>see also</u> <u>Mayes v. State</u>, 887 P.2d 1288, 1302 (Okla. Crim. App. 1994); <u>Smith v. State</u>, 509 P.2d 1391, 1397 (Okla. Crim. App. 1973). By introducing evidence in his own behalf, the adequacy of the government's case in chief standing alone is no longer in issue and a defendant takes the risk of completing a case against himself.

United States v. Kenny, 236 F.2d 128, 131 (3d Cir. 1956). In this case, after the State rested and the trial court denied his demurrer, Petitioner called three witnesses, including himself. See Dkt. # 15, Tr. Trans. at 355-418. As a result, under the law cited above, Petitioner waived any appellate challenge to the trial court's denial of his demurrer. Appellate counsel did not perform deficiently in failing to challenge the trial court's ruling. Because he cannot satisfy either prong of Strickland, Petitioner has failed to demonstrate entitlement to habeas corpus relief under 28 U.S.C. § 2254(d).

## C.  Procedural bar (grounds four and six)

Grounds three, four, and six of the petition for writ of habeas corpus were first raised in Petitioner's application for post-conviction relief. See Dkt. # 1. The OCCA, in affirming the denial of post-conviction relief, declined to consider the claims as a result of Petitioner's failure to raise them on direct appeal. See Dkt. # 13, Ex. 8. The OCCA specifically determined that Petitioner had waived these claims because he could have but failed to raise the claims on direct appeal. Id.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes, 46 F.3d at 985; Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has

been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, the OCCA imposed a procedural bar on all of Petitioner's post-conviction claims except his claim of ineffective assistance of appellate counsel. See Dkt. # 13, Ex. 8. Citing state law, the OCCA determined that "all issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived. Any allegations as to trial counsel's ineffectiveness have been waived as this is an issue which could have been raised on direct appeal." Id. at 2 (citation omitted). The OCCA's procedural bar, based on Petitioner's failure to raise the claims on direct appeal is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.

As to the adequacy of the procedural bar imposed by the OCCA, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." Id. at 1264 (citation omitted).

After reviewing the record in light of the factors identified in <u>English</u>, the Court finds that the procedural bar imposed by the OCCA on Petitioner's ineffective assistance of trial counsel claim is not adequate to preclude federal habeas review. Petitioner was represented at trial and on appeal by the same attorney, James D. Harvey, Jr. Therefore, this Court will not recognize the procedural bar imposed on Petitioner's ineffective assistance of trial counsel claim and will review the claim *de novo* in Part D below.

However the procedural bar imposed on grounds four and six is independent and adequate to preclude federal habeas corpus review. Therefore, the Court will respect the OCCA's procedural bar as to those claims. This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the defaults, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. <u>See</u> <u>Coleman</u>, 501 U.S. at 750; <u>Demarest v. Price</u>, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. <u>Id.</u> As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).

Petitioner argues that ineffective assistance of appellate counsel serves as "cause" to overcome the procedural bar. However, that claim has been found meritless in Part B(3) above. Petitioner may also overcome the procedural bar applicable to his defaulted claims under the

fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this habeas corpus action, Petitioner does not claim to be actually innocent. Therefore, he does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that grounds four and six are procedurally barred. Coleman, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on those claims.

## D.  Ineffective assistance of trial counsel (ground three)

As his third ground for relief, Petitioner claims, as he did in his state application for post-conviction relief, that trial counsel provided ineffective assistance when he failed to investigate and present evidence of the administration of the drug Haldol, resulting in Petitioner losing the benefit of a plea offer for a reduced charge and sentence. In support of this claim, Petitioner provides his affidavit, see Dkt. # 1 at 20. Petitioner avers that prior to trial, the prosecuting district attorney, Eddie Wyant, extended a plea offer of 4-8 years for First Degree Manslaughter contingent upon trial counsel providing proof that Petitioner had been involuntarily administered Haldol prior to the time of the offense. Id. Petitioner further asserts that trial counsel failed to conduct any forensic testing or other investigation necessary to establish Petitioner's exposure to Haldol, thereby causing Petitioner to lose the opportunity to accept the plea offer. Id. Petitioner also provides a copy of a

letter he sent to trial counsel, dated August 20, 2007, stating that "I have found indications in the original record that, when informed of the administration of the Haldol, the prosecutor extended a plea offer of 4-8 years for Manslaughter in the First Degree, contingent on proof of Haldol in my system." See Dkt. # 1 at 19.

In response to the petition for writ of habeas corpus, Respondent argues that Petitioner has failed to establish that his attorney provided ineffective assistance of counsel. Respondent cites to the response filed by the State to Petitioner's application for post-conviction relief. That response was prepared by the prosecuting district attorney, Eddie Wyant. Mr. Wyant provided his own affidavit stating that he "never extended any offer in the above referenced case less than Life in prison for the charge of Murder in the First Degree." See Dkt. # 13, Ex. 5, attached Ex. 1. Mr. Wyant also provided the affidavit of Petitioner's trial counsel, James Harvey, who stated that he "never received any offer, in the above referenced case, other than Life in prison for the charge of Murder in the First Degree from the Delaware County District Attorney's Office." Id., attached Ex. 2.

As discussed above, to establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687. A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel's performance must be "completely unreasonable" to be constitutionally ineffective, "not merely wrong." Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997). To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case, Petitioner alleges that trial counsel provided ineffective assistance of counsel when he failed to act on a plea offer made by the prosecuting district attorney. Before the Court can analyze whether trial counsel was ineffective in failing to properly advise Petitioner regarding a plea offer, there must be some evidence that there was, in fact, a plea offer extended by the prosecution. If there is evidence of a plea offer, then the Court must determine whether trial counsel fulfilled his obligations under the Sixth Amendment with regard to the plea offer or whether his performance fell below an objective standard of reasonableness gauged against prevailing professional norms. Then, the Court must determine if Petitioner was prejudiced by any deficient performance by trial counsel.

Petitioner's claim fails because there is no evidence of a plea offer by the prosecution. The record contains the affidavits of both the prosecuting district attorney and Petitioner's counsel who aver that no offer as described by Petitioner was ever made. The only evidence upon which Petitioner relies in support of this ground of error is his own statement indicating counsel never

acted on the purported plea offer.[3] Petitioner's statements alone provide an insufficient basis upon which federal habeas corpus relief may be granted. See Ross v. Estelle, 964 F.2d 1008, 1011 (5th Cir. 1983) (holding "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"). Because nothing in the record supports Petitioner's contention that there was in fact a plea offer, the Court cannot find that Petitioner's trial counsel performed deficiently under Strickland. His request for habeas corpus relief based on ineffective assistance of trial counsel shall be denied.

## E.  Certificate of appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  In

---

[3]     In his letter to defense counsel, see Dkt. # 1 at 19, Petitioner refers to "indications in the original record" that supported his belief that a plea offer had been extended prior to trial. However, Petitioner never identifies where in the original record the "indications" are located.  Patsy Lawrence testified that almost thirty years before the murder of Scott Borton, she planned to give Petitioner Haldol "to calm him down," but that she "couldn't do it." See Dkt. # 15, Tr. Trans. at 196-99.  Defense counsel also asked about Haldol administration during his cross examination of Patsy Lawrence. Id. at 223-25. Nothing in the record before the Court, however, suggests that the prosecution made a plea offer linked to the alleged administration of Haldol to Petitioner.

addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the Oklahoma Court of Criminal Appeals was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). In addition, nothing suggests that the Court's ruling resulting in the denial of certain claims on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.    A separate judgment shall be entered in this matter.

3.    A certificate of appealability is **denied**.


**DATED** this 26th day of October, 2011.

**TERENCE KERN**
**United States District Judge**